(No. 3431—

JOE PERONA, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1940.*

PAUL D. PERONA, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant herein was first employed by the Division of Highways of Illinois in 1934. On September 5, 1939 he was working with a gang of laborers of the Division, placing

plank on the guard rail on U. S. Route No. 51 at Rochelle, Illinois. In attempting to fit a plank to a post, claimant struck a steel chisel with a hammer and a piece of steel from the hammer struck him in the left eye. He was taken to St. Mary's Hospital in LaSalle and was then moved to the Silver Cross Hospital in Joliet, where Dr. H. W. Woodruff of Joliet removed the piece of steel by the use of a giant magnet. Claimant left the hospital September 10, 1939 and was taken to his home in Standard, Illinois. Thirteen trips thereafter were made from his home to LaSalle, claimant being attended by Dr. Sellett, and the expense being borne by the State. On October 10, 1939 and February 10, 1940 claimant went to Joliet and to Chicago where he was examined by Dr. Woodruff and Dr. E. K. Findlay, Professor of Ophthalmology at the University of Illinois, College of Medicine. Dr. Findlay's report shows normal vision 20/20 of the right eye and vision of the left eye 20/200. There was a dense opacity about 4 mm. in length and 1 mm. in width near the center of the lens of the left eye. Such opacity or traumatic cataract may remain unchanged for years or the entire lens may become opaque and an operation on the cataract necessary. Dr. Findlay further stated it would not be advisable to attempt any operation at present and nothing can be done to improve the sight of the left eye. The Doctor further reported that the claimant could return to his work at any time. Dr. Findlay further reported on February 15, 1940 that "The opacity on the capsule of the lens is just in front of the pupil—when the pupil is dilated the vision is increased to nearly 20/70, but only when a proper glass or lens was placed before the eye— even if an operation were performed his vision would not be improved unless a good strong glass or lens was placed before the eye."

On February 10, 1940 Dr. Woodruff reported to the Division. He stated that an operation was not advisable. That the vision in the left eye is 10/200 and with a lens such vision is improved to 20/60, due to the fact that there is only a partial cataract. Dr. Woodruff further stated that claimant would have no more vision if an operation was performed and that glasses are not advisable.

From the findings of Dr. Findlay and Dr. Woodruff and the Highway Departmental Report, we find that claimant has suffered a total loss of use of his left eye. If the use of cor-

recting glasses or lens was recommended we might conclude that claimant could have some slight restoration of vision in his left eye, but neither of the medical men recommend either an operation or the use of glasses at this time.

At the time of the accident claimant was married but had no child dependent upon him for support. He was being paid a salary of $30.00 per week. Under Section 8 (1) of the Workmen's Compensation Act, where an accidental injury occurs on or after July 1, 1939 compensation due the employee shall be computed according to the provisions of said paragraph, and after being so computed shall be increased ten per centum.

Claimant was paid compensation for temporary disability at the rate of $16.50 per week for the period from September 6, 1939 to October 18, 1939, amounting to $101.36. Medical and hospital bills were also paid by the Highway Division in a total amount of $280.23.

Under the provisions of Section 10, Subsection (a) and (i) and Section 8, Subsection (1) and (e) 16, claimant is entitled to an award for the specific total loss of use of his left eye in the amount of $1,980.00 payable in weekly installments of $16.50 per week. Payment for fifty-three (53) weeks has matured to the 13th day of September, 1940, making $874.50 payable as of September 13, 1940. The balance of the award or $1,105.50 is payable in weekly installments at the rate of $16.50 per week commencing September 20, 1940. In accordance with the above findings an award is hereby made in favor of claimant Joe Perona for the specific total loss of use of the left eye, in the sum of $1,980.00 payable as follows: $874.50 as of September 13, 1940 and the balance, i. e. $1,105.50 payable in weekly installments of $16.50 commencing September 20, 1940.

In view of the report by Dr. Findlay of September 12, 1940 wherein he stated, "Through time there may be a still greater improvement in claimant's vision and I advise that he be examined again in about three months to note what further changes take place," It Is Ordered that this award is made subject to any modification that may hereafter be made in accordance with the provisions of the Workmen's Compensation Act.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compen-

sation Claims of State Employees and Providing for the Method of Payment Thereof,'' (Illinois Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181), and being subject also to the terms of an Act entitled ''An Act Making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies Until the Expiration of the First Fiscal Quarter After the Adjournment of the Next Regular Session of the General Assembly,'' approved July 1, 1939 (Sess. Laws 1939, Page 117); and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided by the foregoing Acts.

SUPPLEMENTAL OPINION.

PER CURIAM:

This cause again coming before the court for further consideration upon its own motion, and it appearing that an award was herein entered in favor of claimant, Joe Perona, for the total loss of use of claimant's left eye, as the result of an accident arising out of and in the course of his duties as an employee of respondent; and it further appearing that such accident occurred on September 5, 1939, and that the *Workmen's Compensation Act* of Illinois effective as of that date, contains the following proviso, i. e.—

"In every case of loss of, or permanent and complete loss of use of one eye, one foot, one leg, one arm, or one hand, the employer in addition to the compensation as provided for in this section shall pay into the special fund provided for in Section 7, Paragraph (e), the sum of Two Hundred Twenty-five Dollars, if the accidental injury occurs between July 1, 1939, and July 1, 1941, both dates inclusive."

*(Sec. 8 (e) 20.)*

And it further appearing that under the provisions of said Section 7 (e) above noted, that the State Treasurer of the State of Illinois is made custodian of moneys paid by reason of the foregoing provisions, the disbursement thereof being under the further terms of said Act;

And it further appearing to the court that the term ''employer'' as used in said Section 8 (e) 20 includes the State of Illinois as defined under Section 4 of the Workmen's Compensation Act;

IT IS THEREFORE ORDERED that a supplemental and additional award be entered herein in the sum of Two Hundred

Twenty-five ($225.00) Dollars, to be paid by respondent to the State Treasurer of the State of Illinois as Ex-officio Custodian of the Workmen's Compensation Special Fund, to be disbursed in accordance with the provisions of said Workmen's Compensation Act.

This supplemental award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," (Illinois Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181), and being subject also to the terms of an Act entitled "An Act Making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies Until the Expiration of the First Fiscal Quarter After the Adjournment of the Next Regular Session of the General Assembly," approved July 1, 1939 (Sess. Laws 1939, page 117); and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided by the foregoing Acts.